## Pownall *versus* Steele.

Under the Act of Assembly, only the plaintiff who is nonsuited can take a writ of error; the defendant can take none for refusal to order a nonsuit.

THIS was an action of replevin, by George Steele and Simeon B. Pownall against James Pownall and Simeon Pownall, commenced July 7th 1864. The plaintiffs declared for wheat in shock taken and "*detained*" by the defendants. Levi Pownall devised the land on which the wheat grew to his daughter Catharine for life. There was evidence that she leased it to George D. Steele for the year 1863; and there was also evidence that Steele had agreed with Simeon B. Pownall to farm the place with him to the shares. After the plaintiffs closed, the defendants asked the court to order a nonsuit, which was refused and an exception taken.

The court (Hayes, A. J.) charged the jury:—

" The wheat mentioned in this writ of replevin was a crop growing on the life estate of Catharine Pownall at the time of her decease, and is claimed by the plaintiffs as their property on the ground of a lease to George Steele by Catharine Pownall in 1863, of the premises for that year, and of an agreement by George Steele to let Simeon B. Pownall farm it on the shares. It is requisite for these plaintiffs, in order to maintain their action, to show that the wheat in question is their joint property. To prove that the wheat belonged to one of them and not the other, would prove them not joint owners, and be just as fatal as to show that neither of them owns the property.

" The question for the jury is in the following point, viz.: ' If the jury believe that Catharine Pownall, the tenant for life, leased the premises on which the wheat in dispute was raised, for the year 1863, to George Steele, and that George Steele agreed with Simeon B. Pownall to let him farm the same on shares, and the same was so farmed in the lifetime of Catharine Pownall, the plaintiffs are joint owners or tenants in common of the grain in dispute, and are entitled to recover.' The jury will inquire whether Catharine Pownall did lease these premises for the year 1863 to George Steele, or to George Steele as agent of his father, John D. Steele, for that year, as well as the years preceding; and also whether George Steele, in agreeing with Simeon B. Pownall to let him farm the same, so agreed as agent of John D. Steele.

" If you find that Catharine Pownall did lease the premises for the year 1863 to George Steele, in his own right, and that he agreed in his own right with Simeon B. Pownall to let him farm the same on the shares, and the same was so farmed, the plaintiffs are joint owners and entitled to recover.

" But if you find that Catharine Pownall leased the premises

[Pownall *v.* Steele.]

for the year 1863 to George Steele as agent of John D. Steele, or that George Steele agreed, as agent of John D. Steele, with Simeon B. Pownall to let him farm the same on the shares, the said George Steele and Simeon B. Pownall are not in that case joint owners of the wheat, and cannot recover."

The jury found for plaintiffs $280.

Two of the assignments of error were—1. The court erred in refusing to order a nonsuit on motion of defendants.

3. The court erred in charging that the plaintiffs could recover in this action, the declaration being in the *detinuit* instead of the *detinet*.

There were other assignments of error, but, for the reason given in the opinion of Justice Agnew, they are not noted here.

*T. H. Reynolds* and *D. W. Patterson*, for plaintiffs in error, cited Wilson *v.* Gray, 8 Watts 35 ; Morris on Repl. 218 ; Wilkinson on Repl. 85 (6 Law Lib.) ; Anderson *v.* Talcoth, 1 Gilm. 365 ; Edwards *v.* McCordy, 13 Ill. 496 ; Act of April 22d 1863, Pamph. L. 554.

*G. M. Kline, O. J. Dickey* and *J. K. Alexander*, for defendants in error, cited Bavington *v.* Pittsburgh Railroad, 10 Casey 358 ; Robinson *v.* English, Id. 324.

The opinion of the court was delivered, June 1st 1866, by

Agnew, J.—The court below was justified in submitting the evidence of the plaintiffs to the jury, and had it even been insufficient, no writ of error lies to the refusal to grant a nonsuit. If a nonsuit be entered by the court and is not taken off, the plaintiffs may have a writ of error to correct the error, if any.

No bill of exception was taken by the defendants to the admission of the declaration of Catharine Pownall as to her leasing to George Steele. The plaintiffs only excepted to so much as was excluded.

There is nothing in the charge of the court in conflict with the state of the pleadings, and no instruction was called for by the defendants. The court fairly submitted to the jury upon sufficient evidence to carry the case, the questions whether George Steele was in possession under a lease in his own right, and whether the crop was put in " on the shares," as it is termed by Simeon B. Pownall, for himself and Steele. The jury decided this in favour of the plaintiffs, and this was all that was in the case.

There was no exception to the admission of the replevin-bond, no instruction asked for, and nothing said by the judge in reference to it. None of the errors are sustained, and the

Judgment is therefore affirmed.