# Chubb v. Zentz, Appellant.

*Negligence—Automobiles—Contributory negligence—Coasting— Question for jury—Proof of other accidents—Exclusion of evidence —Proof of damages—Sufficiency of evidence—Question on appeal.*

In an action to recover damages, arising out of a collision between the automobiles of the plaintiff and the defendant, the question of the contributory negligence of the plaintiff was properly left to the jury where the only evidence of his negligence was that his car was "coasting."

The mere fact that a man driving his car is "coasting" does not per se fix his negligence.

Whether the plaintiff had such control of his car as he should have was a question for the jury.

The fact that the court excluded evidence that the plaintiff had admitted having three accidents prior to the one to which this action is related did defendant no harm, for the proof of other accidents would throw no light on the present inquiry.

Where counsel state a willingness to accept a given figure as the value of an automobile that has been damaged, and further inquiry on the subject is stopped as a result of that statement, and it appears the sufficiency of the evidence of value was not raised in the court below, it will not be considered upon appeal.

Argued November 13, 1922. Appeal, No. 83, Oct. T., 1922, by defendant, from judgment of C. P. Lancaster Co., June T., 1921, No. 59, on verdict for plaintiff in case of J. M. Chubb v. Elizabeth Zentz. Before PORTER,

430, (1923).] Statement of Facts—Opinion of the Court.

HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages arising from an automobile collision. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $450 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and points for charge, and refusal to enter judgment for defendant non obstante veredicto.

· *John A. Coyle,* for appellant.—The court erred in not admitting plaintiff's admission of other accidents: Backstrom v. Kaufmann Department Stores, 266 Pa. 489.

The court erred in not permitting defendant to show that plaintiff did not have his car under control: Gosling v. Cross, 66 Pa. Superior Ct. 304.

Upon approaching an intersection such as the place of this collision the plaintiff should have brought his car either to a stop or so near a stop that it was under full control and could have been stopped immediately: Reid v. Reading Transit & Light Co., 66 Pa. Superior Ct. 101; Uhler v. Jones, 78 Pa. Superior Ct. 313; Black v. Mark, 273 Pa. 138.

*John E. Malone,* for appellee.

OPINION BY TREXLER, J., March 2, 1923:

The plaintiff's claim arises out of an automobile accident. The plaintiff was on the right side of the road and his car was struck by the defendant on the right side, that is on the side which would ordinarily be farthest away from the defendant. This circumstance alone would bear the inference that the defendant was at a

place where she should not have been. In order to relieve herself of the charge of negligence, she must show some reason for the situation in which she was found. Under the 25th section of the Act of June 30, 1919, P. L. 678, it was her duty to "at all times keep as close as possible to the right-hand side of the highway, allowing other vehicles free passage to the left." The appellant realizing that the verdict of the jury fixes her negligence seeks to be relieved from the judgment by asserting that the defendant was guilty of contributory negligence. This question was submitted to the jury in a fair and impartial charge. There was nothing in the testimony which would have required the court to have directed a verdict for the defendant. The appellant argues that as the plaintiff admittedly was "coasting" at the time of the accident, he was guilty of contributory negligence. Whether the plaintiff had proper control of his car was for the jury. Neither can this court nor could the court below hold as a matter of law that the mere fact that a man running a car is coasting, relieves every one who may negligently run into him, from any liability for damages, and per se fixes his negligence.

The other grounds set forth in support of the request for binding instructions need not be noticed for the facts alleged in the points were controverted, and the court could not assume them to be true.

Most of the other exceptions require but brief mention. The court excluded the offer to prove that the plaintiff at the time of the accident had said that he had had three other accidents. It would not have harmed to have allowed this, since part of the statement had already been admitted, and the whole statement could go in, but the exclusion of this did no harm, for the proof of other accidents would throw no light on the facts involved in the present one.

It is alleged that the court refused to allow proof that the plaintiff could have stopped his car more readily if he had not been coasting at the time. An examination of

the testimony discloses that the witnesses were allowed to testify that if one were running at ten miles an hour, the speed employed by the plaintiff, he could stop instantly if the engine were not disengaged, and that a car running at any speed can be stopped more quickly and more effectively when the engine is in service than when the car is coasting. The defendant, therefore, has nothing to complain in this regard. As stated before, the question of whether the plaintiff had such control of his car as he should have had, was left to the jury.

The question of whether the proof of damages suffered by the plaintiff was sufficient, might be of some moment were it not that it seems to be an after-thought and was not specifically raised at the trial. The plaintiff paid $715 for the car and testified that it was a total loss. Another witness fixed the value of the car at $75 after the accident, another $100, and the defendant's witness $280. The car had run 3,000 miles. The plaintiff without objection testified that the car was worth a new car "to him" because it answered his purpose and that there was very little depreciation. When another witness was asked as to its market value at the time of the purchase or at the time of the accident, the attorney for the plaintiff stated that he had proof what had been paid for the car and the defendant's attorney then stated "we are satisfied to take that as the valuation." This was followed by proof of the value of the car after the accident. The jury gave the plaintiff $450. As the statement of the defendant's attorney seems to have stopped further inquiry as to the value of the machine, we would not reverse the judgment because of the meagreness and unsatisfactory quality of some of the evidence of value. The witness on the stand had qualified as to his knowledge of the value of automobiles, and had the defendant's counsel not volunteered the statement that he accepted the valuation, the next question no doubt would have elicited the fact as to what the value of the car was at the time of the accident. On the record as presented

we find no material error. It would seem that the plaintiff has more reason to complain of the amount of the verdict than the defendant.

All the assignments are overruled and the judgment is affirmed.