McAmbley v. Martin, Appellant.

591

Argued October 29, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*F. M. Nash,* and with him *A. A. Griffin,* for appellant.

*Wilson & Fitzgibbon,* for appellee.

OPINION BY KELLER, J., December 12, 1930:

We think plaintiff's evidence showed him guilty of contributory negligence as matter of law, and had there been a written point for binding instructions presented we would enter judgment for the defendant

non obstante veredicto. For want of it we can only order a new trial: Leonard Co. v. Scranton Bottling Co., 90 Pa. Superior Ct. 360, 363.

When seventy-five feet distant from a right angle road intersection and traveling at a speed of twenty to twenty-five miles an hour plaintiff saw defendant's car approaching from his right about two hundred feet away, and did not look towards it again or see it until the collision.

It was his duty, as a reasonably prudent man, to notice where the car approaching from his right was when he arrived at or about the actual intersection of the two roads, and unless he was then so far in advance of the car approaching from his right that a reasonably prudent man would have reason to believe he could with safety clear the intersection of the paths of the two vehicles, it was his duty to wait, and not go directly into the path of the oncoming vehicle on his right: Wescott v. Geiger, 92 Pa. Superior Ct. 80, 83. His duty was not affected by the fact that the concrete paving in front of and about a gasoline filling station, located at or near the intersection, covered the angle between the roads on which the parties were traveling for a distance of seventy-five or ninety feet in either direction. It formed no part of the public highway and did not affect the point of intersection of the two highways. Had he looked at or about the actual intersection of the two roads, he would have seen defendant's car so near to him and approaching so fast that a reasonably prudent person would not have considered it safe to attempt to cross ahead of it.

His impression, mistaken as it turned out to be, that the car approaching on his right belonged to a man named Dana, who, he expected, would turn in towards Bradford, from which place plaintiff had just come, did not excuse his paying no further attention whatever to it.

A look seventy-five feet distant from the intersection gave plaintiff no right to close his eyes and proceed blindly on his way. It is the situation at or about the intersection of the roads, not seventy-five feet away from it, that governs the parties. Without paying any attention to the position of the defendant's car at the place he should have looked, he went ahead in utter disregard of the situation as it then was—"I make up my mind it is my road and clear. I go" ...... and "It is not my job [to avoid him]; it was his job." His want of due care contributed to the accident.

The fourth assignment of error is sustained. The refusal to enter a compulsory nonsuit is not assignable as error on appeal: Beard v. Reading City Pass. Ry. Co., 3 Pa. Superior Ct. 171; Morgan v. Duquesne Borough, 29 Pa. Superior Ct. 100. The judgment is reversed and a venire facias de novo is awarded.