Holt *v.* Pariser et al., Appellants.

316

Argued April 23, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Francis S. McQuilkin,* with him *E. J. McDaniel,* for appellants.

*Wade K. Newell,* for appellee.

Opinion by Reno, J., July 17, 1947:

Appellants challenge a judgment upon a verdict in trespass for damages resulting to plaintiff's automobile in a collision. Their assignments of error complain of the refusal of the court below to grant a new trial and rulings upon objections to evidence. The court below dismissed their motion for judgment n. o. v. because no point for binding instructions had been presented at the trial, and its action is not assigned as error. The assigned rulings on the evidence are not within the scope of appellants' statement of the questions involved in this appeal, and were not pressed at the argument. Nevertheless we have examined them and, without specific reference to them, we may at once state that they possess no merit.

I. A motion for a new trial is directed to the sound discretion of the court below, and on appeal the only question reviewed is whether it properly exercised that discretion. The refusal of a new trial will be reversed only upon a showing that the court manifestly abused its discretion. *Nark v. Horton Motor Lines,* 331 Pa. 550, 1 A. 2d 655. Upon review we read the testimony, but

only to ascertain whether the discretion has been abused. *Jones v. Quaker City Cab Co.,* 84 Pa. Superior Ct. 80. But it is to be observed, that should we discover an error of law amounting to an abuse of discretion, we cannot, in the absence of a point for binding instructions, enter judgment for appellant, and the only relief within our power is a venire facias de novo. *Cox v. Roehler,* 316 Pa. 417, 175 A. 417; *McAmbley v. Martin,* 100 Pa. Superior Ct. 593; *Traders Securities Co. v. Kalil,* 107 Pa. Superior Ct. 215, 162 A. 499; *Maher v. Chapins Lunch Co.,* 119 Pa. Superior Ct. 213, 180 A. 739. That is, even if we should find plaintiff guilty of contributory negligence as a matter of law, as is here contended, we could not enter judgment against him. *McAmbley v. Martin,* supra.

II. The question of contributory negligence was clearly for the jury. The collision occurred on a through state highway upon which plaintiff's servant was driving his truck at about twenty-five miles an hour. Defendants' driver entered the highway from a road marked with an official "Through Traffic Stop" sign without stopping. His explanation was that as he applied his brakes in order to stop, his truck skidded into the highway. The view of plaintiff's driver of the intersection was obstructed by two buildings at the corner, and he first saw the approaching truck when he was about 10 to 12 feet from the intersection. At that moment defendants' truck was "right at the intersection, coming out." Had plaintiff's driver stopped the collision might have been avoided, but he testified that he assumed that the defendants' truck would stop. He had a right to assume that defendants' servant would perform his statutory duty to stop. *Rowles v. Evanuik,* 350 Pa. 64, 38 A. 2d 255; *Delmer v. Pittsburgh Rys. Co.,* 348 Pa. 147, 34 A. 2d 502; *Torrens v. Belfatto,* 116 Pa. Superior Ct. 339, 176 A. 533. The question of the alleged contributory negligence of plaintiff's driver, "whose duty it was," to quote the opinion of President Judge CARR, "though

he had the right of way, to drive at a careful and prudent speed, to have his car under control, to be reasonably vigilant to observe the traffic on Route 319 [the intersecting road], and to have in mind all possibilities of danger, including the possibility that a driver about to enter the intersection might do the wrong thing instead of the right thing", was fairly submitted to the jury in a charge to which no exception was taken. There is no basis for a judicial declaration of contributory negligence.

III. Plaintiff recovered $516.54 for the cost of the repairs to his truck and $1788.00 for the hire of a substitute truck until the repairs were completed, and the items allowed in the verdict were in exact accord with the undisputed evidence. Various objections have been made to the award, some of which were not presented to the court below at or after the trial, and most of which may be almost summarily dismissed.

The proposition, founded upon decisions by the courts of other states, that plaintiff's recovery was limited to the damages to his truck, is not tenable in Pennsylvania. *Bauer v. Armour & Co.*, 84 Pa. Superior Ct. 174, to mention only one case, firmly established the rule that recovery may include the cost of hiring another car in addition to the cost of repairs, and in a more recent case, *Koren v. George*, 159 Pa. Superior Ct. 182, 48 A. 2d 139, the loss of profits arising from interruption of the use of a truck was allowed in addition to the cost of repairs.

The argument, also drawn from cases in other jurisdictions, that plaintiff was obliged to prove the value of his truck before and after the accident, does not have support in Pennsylvania. The correct measure of damages is laid down in the Restatement, Torts, section 928: "Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference

between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and (b) the loss of use." This is fair distillation of our cases. See *Bauer v. Armour & Co.*, supra; *Price v. Newell*, 53 Pa. Superior Ct. 628; *Yeager v. Winton Motor Carriage Co.*, 59 Pa. Superior Ct. 506; *Underberg v. Stewart*, 86 Pa. Superior Ct. 106; *Wolf v. Altoona & Logan Valley Elec. Rwy. Co.*, 92 Pa. Superior Ct. 259; *Horton v. Phila. R. T. Co.*, 94 Pa. Superior Ct. 553. Cf. *Stone v. C. I. T. Corp.*, 122 Pa. Superior Ct. 71, 184 A. 674.

Relying upon *Bauer v. Armour & Co.*, supra, where the expenses of operating a hired automobile such as gasoline and oil were not approved as recoverable items, appellants argue that the *depreciation* suffered by the truck which defendant *hired* was also an expense item, and should have been deducted. The truck was hired for 149 working days at $1.00 per hour, and this was shown to be the reasonable rental value of a truck in the locality. In the calculation of that price there was probably included an amount to cover depreciation. But whether so or not, that was the price plaintiff was obliged to pay, and if it included depreciation, or even a profit to the owner, plaintiff could recover that price, provided it was not in excess of the reasonable rental value. Restatement, Torts, section 931.

IV. The accident occurred on October 16, 1943, and the repairs were not completed until April 8, 1944, a total of 149 working days. Appellants' principal objection is that there is no evidence to show that 149 days were required for the repairs. Since the verdict includes the rental value of the hired truck for the period of 149 days, there is substance to this point. But, concerning it, a comment by President Judge TREXLER in *Chubb v. Zentz*, 80 Pa. Superior Ct. 430, 433, is pertinent: "The

question of whether the proof of damages suffered by the plaintiff was sufficient, might be of some moment were it not that it seems to be an after-thought and was not specifically raised at the trial." Appellants did not combat plaintiff's evidence by exposing this defect upon a cross-examination; they offered no counter testimony; and they presented no points. The court instructed the jury: "In this connection you will have to consider and determine whether the whole of this time [149 working days] was necessarily required by him to have the repairs made, and if not, how much time was reasonably required." At the end of the charge the court inquired: "Do counsel wish me to add or correct anything?" and defendants' able counsel answered, "No, your Honor." In *Siegel v. Struble Bros., Inc.*, 150 Pa. Superior Ct. 343, 347, 28 A. 2d 352, where instructions upon the measure of damages were under attack, Judge HIRT said: ". . . the failure to request more definite instructions must be considered a waiver of any objection that might have been made . . ." No exception, general or otherwise, was taken to the charge, and the reasons filed in support of the motion for a new trial challenged generally plaintiff's right to "recover for the loss of the use of the truck", and did not attack the testimonial deficiency respecting the reasonableness of the period of time consumed in repairing the truck.

V. Had timely objection been made it is very likely that plaintiff would have supplied evidence to show that during that period repair materials and parts were under governmental control and could be obtained only after long delays and under great difficulties. This was a matter of common knowledge, of "every-day knowledge, which everyone of average intelligence and knowledge of things about him can be presumed to know": *Pierson v. London*, 102 Pa. Superior Ct. 176, 182, 156 A. 719. In reviewing an order of a fact-finding tribunal we have taken "judicial notice of the fact that this country is

engaged in a war . . . and that the federal government's imposition of material priorities has substantially interfered with, if not entirely prevented, the initiation of the work": *State College Boro. Auth. v. Pa. P. U. C.,* 152 Pa. Superior Ct. 363, 378, 31 A. 2d 557. And we have said that administrative bodies as well as courts may take judicial cognizance of conditions existing generally, and of the effect of war production upon transportation problems. *Alko Express Lines v. Pa. P. U. C.,* 152 Pa. Superior Ct. 27, 30 A. 2d 440. According to an outstanding text, a jury may within a limited sphere apply its general knowledge upon notorious and unquestioned matters and to that extent it is unnecessary for a party to offer evidence on the matter. 9 Wigmore on Evidence, section 2570. We have recognized that principle. Before his elevation to the Supreme Court, Mr. Justice PARKER, speaking for this court, said: "Taking into account the facts proven and such facts as were matters of common knowledge to all jurors serving in Philadelphia, such as the location of the streets, the traffic upon them, and similar matters, we are not prepared to say that there was no evidence of negligence": *Carlton v. Sley System Garages,* 143 Pa. Superior Ct. 127, 129, 17 A. 2d 748. In the circumstances of this case, with defendants remaining silent and acquiescing in the submission of the question to the jury, we hold that the jury was thereby invited to employ its general knowledge of the conditions wrought by the war in determining whether 149 days was a reasonable time for the making of extensive repairs to plaintiff's truck. The damages awarded are substantial but in accord with the evidence, and we are not persuaded that a new trial, applying again the approved measure of damages, would produce a different result, or one more favorable to defendants.

Judgment affirmed.