Herr, Appellant, *v.* Erb.

Argued September 28, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Marshall M. Cohen*, for appellant.

*W. Hensel Brown*, for appellee.

OPINION BY DITHRICH, J., November 16, 1948:

The jury found for defendant in this action of trespass growing out of a collision between two automobiles. From the refusal of his motion for a new trial, plaintiff has brought this appeal.

The collision occurred on Sunday, July 1, 1945, near the intersection of the Mt. Nebo Road and the Tucquan Road in Lancaster County. Appellant's automobile was being operated by his son, who was on his way home from Sunday School with certain other members of appellant's family and Mrs. Erma Gainer, a friend of the family.

Mrs. Gainer was not in the automobile at the time of the collision, she having got out at the residence of relatives about two and one-half blocks from the church and several blocks from the place of collision. Notwithstanding this admitted fact, appellee was permitted to prove by way of rebuttal testimony that Norma and Daisy Sellers, nieces of appellant who were riding in his car, had told Walter Neff and William Sellers that Mrs. Gainer had ". . . begged him [appellant's son] to get out of the car" before it had reached her destination "Because he was driving too fast." Mrs. Gainer, called as a witness by appellant, was asked on cross-examination if she had not complained about the speed at which the Herr automobile was being driven. She answered that she had not.

The same two rebuttal witnesses were also permitted to testify that the Sellers sisters had told them a few hours after the accident that appellant's car was going between 35 and 40 miles per hour and that it did not slow down as it entered the intersection. This testimony was offered for the purpose of contradicting the Sellers girls who, according to appellee's offer, had ". . . testified that when the car . . . operated by John L. Herr, drove into the intersection . . . the car slowed down and . . . [the driver] reduced his speed." Neither of the witnesses had so testified. Norma Sellers said she "Had [not] been paying any attention to the way in which the car was being operated." And Daisy Sellers, when asked to tell what she knew about the accident, said "I don't know anything about it. All I know is

that I was in it." Both girls were sitting in the back seat, with a younger sister sitting on Norma's lap.

On cross-examination Norma was also asked if she had not told Walter Neff ". . . that when John Herr saw the Erb car he left go of the steering wheel and threw his hands up in the air and said, 'Oh, my God'." The answer was "No." Although she was asked, still on cross-examination, if she hadn't said *"such* a thing," when appellant's counsel attempted by way of surrebuttal to prove that "she didn't have any *such* conversation with these men," the trial court sua sponte limited the question to "whether or not she had *any* conversation with these two boys." (Emphasis added.)

And then to top it all off, all the learned trial court in its charge said in reference to the rebuttal testimony was "This was offered to contradict what these girls had said when they were on the stand."

The jury should have been instructed not only that it "was offered to contradict" their testimony, but that that was the sole purpose for which it was offered and admitted. In the absence of any instruction as to the difference between substantive and impeaching testimony, the jury could not be expected to know or to understand that it could be considered not as evidence of a fact, but only as affecting the credibility of the witnesses. In *Commonwealth v. Blose*, 160 Pa. Superior Ct. 165, 50 A. 2d 742, during the cross-examination of the wife and daughter of the defendant, the Commonwealth laid the groundwork for contradicting them and upon rebuttal called a police officer who testified that they had made statements inconsistent with their testimony in chief. We said, speaking through RENO, J., (page 172) : "In his charge, the trial judge said only that the officer 'was called in rebuttal to her [the wife's] testimony to affect her credibility.'" Here, the jury was not even told that the rebuttal testimony was to " 'affect . . . [the] credibility' " of the witnesses, but merely that it was to contradict what they had said "as to the speed of the car at the inter-

section and Mrs. Gainer begging to get out of the car." No matter what may be said in defense of the admission in rebuttal of such testimony, little, if anything, can be said in defense of the failure. of the court to charge adequately on the nature and effect of such testimony. As we said in *Commonwealth v. Blose*, supra (page 172) : "It was not, in the circumstances of this case, sufficient for the court to state merely that the testimony was received to affect the witnesses' credibility. The court should have stated unequivocally that it was admissible only for that purpose, that it was not to be considered as substantive evidence, and it should have carefully explained the significance of the terms and the differences between them. There is a vast difference in the purpose which the two types of testimony serve, and unless the charge draws a clear distinction between them the jury will not ordinarily understand how and to what extent they are to be considered in casting up its verdict." See also *Dincher v. Great Atlantic & Pacific Tea Co.*, 356 Pa. 151, 51 A. 2d 710.

In respect of the admission into evidence of the prejudicial and harmful testimony offered in rebuttal, we reiterate what we said in *Commonwealth v. Kline*, 163 Pa. Superior Ct. 408, 62 A. 2d 73: "This is an apt illustration of what Mr. Justice, now Chief Justice, MAXEY apparently had in mind when he said: 'There seems to be considerable misunderstanding of the rules of evidence relating to the *contradiction of witnesses*. No witness can be contradicted *on everything he testifies to* in order to "test his credibility." The pivotal issues in a trial cannot be "side-tracked" for the determination of whether or not a witness lied in making a statement about something *which has no relationship to the case on trial*. The purpose of trials is not to determine the ratings of witnesses for general veracity. A witness can be contradicted only on matters germane to the issue trying. There is no rule more firmly established than this: "No contradiction shall be per-

mitted on collateral matters" ': Commonwealth v. Petrillo, 341 Pa. 209, 223, 19 A. 2d 288; Zubrod v. Kuhn, 357 Pa. 200, 203, 53 A. 2d 604.

" 'The test of materiality of a fact brought out on cross-examination is whether the party cross-examining would be entitled to prove it as a part of his own case': Henry, Trial Evidence, 3d Ed., § 470."

Applying that test to the testimony in this case, we need only point out that the rebuttal testimony as to the speed of appellant's car was based on a false premise, and that the testimony as to Mrs. Gainer complaining about the speed was a collateral matter too remote to be material to the issue involved and, as to the witness herself, purely hearsay. It affected her credibility as a witness and, while a witness may be discredited by showing prior inconsistent statements (*Harrah v. Montour Railroad Co.*, 321 Pa. 526, 184 A. 666), the rule does not go so far as to say that a witness may be discredited by what someone else said the witness had said.

The learned trial court also erred in restricting the examination of Norma Sellers on surrebuttal to whether she had *any* conversation with the rebuttal witnesses, when the question was whether she had *any such* conversation. The learned court said its ruling "was for the purpose of limiting the testimony to an assertion and a contradiction." But in our opinion her version of the conversation should not have been limited to what she said on cross-examination when appellee was laying the foundation for contradicting her on rebuttal. She should have been permitted to answer that testimony. In *Quartz v. Pittsburgh*, 340 Pa. 277, 16 A. 2d 400, the Court, speaking through Mr. Justice STERN, said (page 279): "A witness confronted by conflicting statements made by him is entitled to the opportunity to explain or reconcile them if possible: [citing cases]." The witness should not have been denied such opportunity in the instant case.

Since the jury found for defendant, it presumably did not in its deliberation reach the question of damages but, since the case must be retried, it may not be amiss for us to point out that the correct measure of damages in such cases is laid down in the Restatement, Torts, § 928, followed by this Court in *Holt v. Pariser*, 161 Pa. Superior Ct. 315, 319, 320, 54 A. 2d 89.

The first, third and fourth assignments of error are sustained; the second assignment is sustained insofar as it concerns the testimony of Mrs. Gainer; the judgment is reversed and a new trial awarded.