## Strausner v. Myers

*Roy S. F. Angle*, for plaintiff.
*Charles H. Davison*, for defendant.

WINGERD, P. J., February 18, 1949.—Plaintiff brings this action in trespass and files his complaint to recover from defendant damages for injuries to his motor truck and for loss of its use.

Defendant filed preliminary objections to the complaint, consisting of a motion for a more specific pleading and a demurrer.

In support of the motion for a more specific pleading defendant assigns four reasons.

The first is:

"The plaintiff's complaint is not sufficiently specific, particularly in that it fails to set forth the time when the events alleged in paragraphs 2, 3, 4, 5, 7, and 8 took place."

The complaint does set forth the day but not the hour. Pa. R. C. P. 1019(*f*) states "Averments of time, place and items of special damage shall be specifically stated", and on page 98 of Goodrich-Amram, Civil

Practice, it is stated that it makes no change in the prior practice under the Practice Act of May 14, 1915, P. L. 483. Under the Practice Act of 1915, in actions of trespass based on negligence, the better practice was to allege the day and hour, averring the hour approximately, i. e., at about —— o'clock — m., or between the hours of —— and ——: 3 Standard Pa. Practice 427 §194. (See Statements of Claim, pages 471, 473 and 531.)

Although the necessity for pleading the hour in the present case is not the same as in Costigan v. Phila. B. & T. St. R. Co., 34 Pa. C. C. 175, nevertheless, time in reference to an occurrence such as an automobile collision means, taking a reasonable and common sense interpretation, day and hour, and Pa. R. C. P. 1019 (f) requires averments of time to be specifically stated. The complaint should have set forth the day and the approximate hour when the occurrence, forming the basis of the action, happened.

The second and third reasons are stated by defendant as follows:

"Plaintiff's complaint is not sufficiently specific, particularly in that it fails to set forth in paragraph 8 any negligence on the part of the defendant in the operation of his automobile which caused the collision and damage to plaintiff's truck, or how the collision alleged therein came about as a result of the defendant's operation of his automobile."

"The plaintiff's complaint is not sufficiently specific, particularly in that paragraph 6 fails to allege how Route No. 66 in the State of Maryland is designated as a through highway."

Plaintiff's allegations, as to the facts on which he bases his action, are very sketchy and do not clearly and fully set forth that which it is necessary to allege in any action of trespass.

"To constitute actionable negligence, three essential elements—namely, (1) a duty or obligation which the defendant is under to protect the plaintiff from injury, (2) failure to discharge that duty, (3) an injury resulting from that failure—must exist; and these must be disclosed in the complaint. It is not enough to show that the defendant was careless; it must be shown that he was careless in respect of some duty owing to the plaintiff.

"In a negligence action sufficient facts must be averred to show that a duty required by law has been breached or neglected by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of constituting the proximate cause thereof. . . .": 3 Standard Pa. Practice 423 §191; Gurzon v. H. J. Williams Co., Inc., 38 Luz. 65, 66.

Plaintiff's averments do not clearly show any duty of defendant toward him which was breached and which breach was the cause of injury to plaintiff. He alleges a collision, at the intersection of two roads, between the motor truck driven by him and the automobile driven by defendant. He avers that the road on which he was driving in the State of Maryland was designated as a through highway but does not allege any obligation on defendant to stop before entering the highway on which he was driving or state whether any signs or traffic signals directing the actions of those traveling on such highways were erected on either of them. He merely states that defendant drove out onto the highway on which he was driving in front of him and that he ran into defendant's automobile. He no place alleges want of due care or negligence on the part of defendant, stating the facts which he alleges constitute want of due care under the circumstances set forth. Of course, he need not plead evidence but he should set forth the facts which he contends consti-

tute negligence on the part of defendant and show that he suffered damage by reason of such negligence. Nowhere do we find any allegation that the damages alleged are the result of defendant's negligence. Only by assuming a number of facts and conclusions of fact, which should be stated, can a cause of action be gleaned from the complaint. Pa. R. C. P. 1019 does not prohibit conclusions in the same manner as section 5 of the Practice Act of 1915: Goodrich-Amram, Actions at Law—Preliminary Survey and Explanatory Analysis, page 92.

We have considered the second and third reasons of defendant together as they are more or less related and have already touched upon the matter involved in the fourth. There is no necessity to go into the procedure or manner in which a through highway is constituted. An allegation that it is a through highway is sufficient. If defendant claims it is not, he can show that as a matter of defense. It is, however, necessary to allege, as we have said, how it is designated on the ground, for this is part of the locus in quo and may have an important bearing upon the quality of defendant's acts.

Defendant's fourth reason is:

"Plaintiff's complaint is not sufficiently specific, particularly in that it sets forth no facts from which the defendant can determine the manner in which the plaintiff's truck was damaged, the extent thereof or the amount of said damages."

The complaint only alleges as to damages the following:

"9. Plaintiff's truck was damaged in the amount of Six Hundred Eighty-three and 85/100 Dollars."

"10. Plaintiff has suffered loss of use of his truck for four (4) weeks at a loss of Twenty-five ($25.00) Dollars a week or One Hundred ($100.00) Dollars."

Pa. R. C. P. 1019(a) provides that in a pleading "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form". This is substantially the same as the provision of section 5 of the Practice Act of 1915. Undoubtedly these provisions of Pa. R. C. P. 1019(a) and of section 5 of the Practice Act apply to allegations of damage. The purpose of pleading is to inform the other party of what he has to meet so he can properly prepare his case. In an action of trespass for damages to an automobile defendant is entitled to know generally what damage plaintiff claims was done to his automobile so he may intelligently investigate if he desires to do so. Also, the complaint should set forth the basis of plaintiff's claim for damages, i. e., whether he claims the difference in value of the automobile immediately before the damage and immediately after, or the reasonable cost of repair, with allowance for any difference between the original value and the value after repairs: Holt v. Pariser et al., 161 Pa. Superior Ct. 315, 319-320. (See Statements of Claim, 3 Standard Pa. Practice 531.) In addition, the towing charge, if any, should be set forth. In claiming for loss of use, the general facts on which such claim is based should be averred. If loss of use is based on the fact that plaintiff suffered loss by reason of the fact that he lost rental for its use which he had been receiving or that he had to use other means for personal transportation or that he had to rent another motor vehicle while the damaged vehicle was being repaired or by reason of any other matter, such fact should be averred, together with such other matters as constitute the damages claimed, stating their respective amounts in dollars and cents. Detail is not necessary but there must be sufficient information to enable defendant to understand the character and extent of the claim, in-

vestigate it and prepare his evidence for trial to rebut it, if he so decides. A defendant has a right to know what he has to meet in the matter of damages and he cannot know this if the basis of the damage claimed and the elements which compose its amount are not generally disclosed in the complaint.

The demurrer is based on the same matters as set forth in the second reason for a more specific pleading. As we have discussed these matters heretofore, we will not repeat.

The preliminary objections and the demurrer must be sustained but plaintiff will be allowed to amend in accordance with this opinion.

Now, February 18, 1949, the preliminary objections and the demurrer are sustained and plaintiff is allowed 20 days from this date to file an amended complaint complying with the foregoing opinion.