## Godfrey v. Dowling

*Joseph J. Nelson*, for plaintiff.

*Albert E. Acker*, for defendant.

McKAY, J., February 19, 1957.—There are before the court preliminary objections to plaintiff's com-

plaint in an action of trespass. The objections relate to the averments of damages contained in paragraph 20 of the complaint.

The complaint alleges that on or about June 25, 1956, defendant, while operating an automobile westwardly at the intersection of Route 19 and Route 62 at North Pitt Street Ext. in the Borough of Mercer, failed to yield the right of way to a truck traveling southwardly on Route 19 and thereby caused a collision between the two vehicles. As a result of the collision the car and truck left the highway and crashed into four new automobiles in a sales lot used by plaintiff for storing new automobiles for inspection by prospective customers. The lot is immediately west of Route 19, adjoining plaintiff's storeroom and garage.

After averring the details relating to liability, the complaint sets forth the damages alleged to have been sustained by plaintiff in several paragraphs. These include claims for the cost of repairs to the damaged cars, reduction in their market value and resultant loss to plaintiff due to the fact that he was required to sell the cars as repaired used cars instead of as new ones.

Thereupon the 20th paragraph of the complaint sets forth:

"20. That defendant's negligence, as aforesaid, caused plaintiff to fail to meet his agreements or agreement of sales to customers, and caused plaintiff great delay in placing the aforesaid items on the open market in the regular course of business, which caused plaintiff loss of customers, great inconvenience, disturbance and annoyance to plaintiff's right to peaceable conducting of his business; and did hinder and prevent plaintiff from carrying on and transacting his lawful and necessary business relative to the aforesaid items, and other trade stock of plaintiff; caused plaintiff to be handicapped in that he had to assure

his customers that the automobiles they purchased were not one of the damaged cars, aforesaid; all of which caused plaintiff damages in the amount of Ten Thousand ($10,000) Dollars."

The first preliminary objection asks to strike paragraph 20 from the complaint in that it alleges damages which are in opposition to the law as to the proper measure of damages. It is the position of defendant that plaintiff's damages are limited to the items set forth in the paragraphs of the complaint prior to paragraph 20, namely, the reasonable cost of repair to plaintiff's automobiles, their depreciation and the loss of their use. In support of this position, defendant cites Restatement of Torts, §908, defining the measure of damages in an action for harm to chattels not totally destroyed: Holt v. Pariser, 161 Pa. Superior Ct. 315; Herr v. Erb, 163 Pa. Superior Ct. 430. In the cases cited, however, plaintiff did not claim, nor did the facts suggest a loss of business other than the loss of use of the damaged cars.

In the present case, however, the facts resulting from the collision are unusual. Plaintiff conducted his automobile sales business in a salesroom and adjoining car lot next to the highway where the collision occurred and claims in his complaint that not only were four of his new automobiles damaged in the collision, but that a loss of profits in the general operation of his business resulted from this incident. If he can prove such a loss of business profits, he is entitled to do so. A peron injured by the tort of another is entitled to recover damages from him for all harm, past, present and prospective, legally caused by the tort: Restatement of Torts, §910. In Koren v. George, 159 Pa. Superior Ct. 182, the court stated:

"It is now well established as a general rule that the loss of profits from the destruction or interruption of an established business may be recovered if the amount of actual loss is rendered reasonably certain

by competent proof: C. J. S. §42, p. 518; Stone v. C.I.T. Corp., 122 Pa. Superior Ct. 71. . . ."

Accordingly, the first preliminary objection should be dismissed.

Defendant's second objection is that paragraph 20 is not sufficiently specific to meet the requirements of rule 1019(f) of the Pennsylvania Procedural Rules which requires that: "Averments of time, place and items of special damage shall be specifically stated." It is conceded that the damage averred in paragraph 20 constitutes special damages. The question is whether the averments of the damages are sufficiently specific.

The degree of particularity required in averments of damages was well stated by Judge Wingerd in Strausner v. Myers, 66 D. & C. 634, at page 639:

"The purpose of pleading is to inform the other party of what he has to meet so he can properly prepare his case. . . . Detail is not necessary but there must be sufficient information to enable defendant to understand the character and extent of the claim, investigate it and prepare his evidence for trial to rebut it, if he so decides. A defendant has the right to know what he has to meet in the matter of damages and he can not know this if the basis of the damage claimed and the elements which compose its amount are not generally disclosed in the complaint."

In setting forth the specific damages, there should be a degree of particularity to which the facts of the case are reasonably susceptible, to enable the other party intelligently to prepare for trial: Stoll v. Andreadis, 60 D. & C. 577.

Items of evidence, of course, need not and should not be set forth in the complaint.

Applying these principles to the averments of damages in paragraph 20 of the present complaint, we are of the opinion that the paragraph is sufficiently specific to meet the requirements of the law. It may be that

plaintiff will have difficulty in proving the general loss in the operation of his business which he claims to have sustained as a result of defendant's negligence. We think, however, that the facts averred in the paragraph sufficiently apprise defendant of plaintiff's intention to claim such loss as damages, and that it will be shown by loss of sales to customers by reason of delay in placing the damaged cars on the market and the fact that his customers suspected his other new automobiles to have been among the cars damaged by the accident.

Defendant's objection that the amount of damages claimed should be apportioned among the several reasons advanced for loss of business is without merit. The damage here claimed is similar to loss of good will, as to which Flood, J., in Sarfert Hosiery Mills v. Parayarn Co., Inc., 75 D. & C. 58, said, at page 63:

"Proof of loss of good will may be very difficult but the evidence by which it is to be proved need not be specifically set forth so long as there is a specific claim for the loss of good will. By the same token since the claim must be liquidated by a jury verdict, the amount claimed is merely a limiting amount and is no ground for sustaining preliminary objection."

So in the present case, the sum alleged as representing the total damages for loss of business is a limiting sum within which a jury would be permitted to find the amount of such loss which was actually sustained.

### Order

Now, February 19, 1957, it is ordered that the preliminary objections filed by defendant be dismissed and that defendant file an answer within 20 days from the date of this order.

### Exception

And now, February 19, 1957, to the foregoing order of court counsel for defendant excepts and, eo die, a bill of exceptions is sealed for defendant.