## Thompson *v.* Insurance Company of North America, Appellant.

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and ROBERTS, JJ.

*William C. Walker,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellant.

*Walter T. McGough,* with him *J. Tomlinson Fort,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 7, 1964:

Appellee purchased an insurance policy from appellant insuring him, inter alia, against loss or damage to nine important paintings. The policy set forth an insured value for each painting which was considerably less than its actual value. A clause in the policy stated that the limit of appellant's obligation with regard to the nine paintings was $189,000, the sum of their scheduled values; the policy was silent on appellant's obligation in case of partial loss or damage to the paintings.

In July, 1961, thieves broke into appellee's residence and stole the nine paintings. A proof of loss was submitted and appellant paid $189,000 to appellee and secured a release from any further liability in connection with the paintings. The release agreement also provided that in the event the paintings were recovered, appellee could reclaim them upon repayment of the $189,000 less "the amount of such depreciation and/or the cost of restoration of each such painting."

The paintings were subsequently recovered, but in a damaged condition. The parties agreed that the amount of possible restoration of the paintings was $7,750; they were unable to agree, however, on the method of calculating appellant's obligation with regard to the partial depreciation in value of the paintings. Accordingly, this question was submitted to the court below.

In the lower court appellant argued that where a schedule of values is set forth in a policy of insurance, the insurer in case of partial loss is only obligated to pay an amount equal to the proportion which the actual damage bears to the insured value. For example, if a painting worth $40,000 is insured at a value of $20,000 and depreciates 10% (or $4,000) in value as a result of a theft, appellant asserts that the insurer is obligated to pay only $2,000 (10% of the insured value of $20,000) and not the full loss of $4,000. The court below concluded that the question of partial loss was governed by the release agreement, and not by the policy of insurance; and that under the agreement the usual rule for determination of damage to personalty was applicable, i.e., the difference in market value of each painting before and after the theft.[1] This appeal followed.

We need not now decide the correctness of appellant's position concerning an insurer's obligation under a valued policy where there is partial loss or damage to the insured property. We agree with the court below that whatever this obligation might be, the parties indicated in the release agreement that the ordinary rule of damages should govern in the event the

---

[1] See, e.g., *Bumbarger v. Walker*, 193 Pa. Superior Ct. 301, 311, 164 A. 2d 144, 150 (1960) ; *Holt v. Pariser*, 161 Pa. Superior Ct. 315, 319-20, 54 A. 2d 89, 91 (1947). In the instant case, the court below limited the total recovery for each painting to its insured value and appellee does not question that ruling.

paintings were recovered in a damaged condition.[2] Appellant-insurer prepared the release agreement and it should have set forth at that time the rule of damages which it now urges upon this Court.[3]

Decree affirmed. Costs on appellant.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.

---

[2] Appellant also relies upon a provision in the release agreement to the effect that the release agreement should not be construed inconsistently with the policy. Since the agreement is clear and explicit as to the measure of damages in case of partial loss to the paintings, the rule of construction is inapplicable.

[3] Appellant argues in the alternative that there was no consideration for the release agreement. This contention overlooks the fact that by virtue of the release agreement appellee surrendered his right under the "sue and labor" clause of the policy to receive contribution from appellant for his considerable efforts in recovering the paintings.