## Cowher v. Dornhaffer, Administrator

*Ronald T. Heiman,* for plaintiff.
*George H. Rowley,* for defendant.

ACKER, J., July 24, 1969.—This case is before the court upon a preliminary objection in the nature of a motion for a more specific complaint and a motion to strike. The action in trespass arises from a vehicle collision and the complaint prays for damages for the market value of plaintiff's truck and for rental for replacement.

The alleged market value is $1,450, but plaintiff does not allege the junk value. He does allege that the cost of repairs exceeds the market value. Therefore, the facts alleged establish that plaintiff did not repair the truck nor does he plan to. He also claims rental for replacement truck for 8 weeks at $85, and 15 cents per mile or a total rental of $1,040. Therefore, if plaintiff's total claim were allowed and properly proven, he would recover $2,490, which is above the $2,000 arbitration limit. Defendant, in oral argument through his attorney, stated his position not only to be a determination of the proper elements of damage, but that the matter should come under the compulsory arbitration system.

I. When a Plaintiff Alleges that his Vehicle is Damaged Beyond Economic Repair and Alleges the Market Value Immediately Before the Accident, is he Required to Likewise Set Forth the After Value to Permit the Defendant to Arrive at the Conclusion as to the Actual Damage Claimed?

Restatement, Torts §928 has been accepted in Pennsylvania as correctly representing the measure of damage.

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and (b) the loss of use." This is a fair distillation of our cases: Holt v. Pariser, 161 Pa. Superior Ct. 315, 319, 52 A. 2d 89 (1947), reaffirmed in Herr v. Erb, 163 Pa. Superior Ct. 430, 62 A. 2d 75 (1948).

This court has consistently held to the position that plaintiff must in his complaint, if requested, state specifically damages incurred whether they be for property or for medical expenses. In Russo v. Strickland, 87 June Term, 1950, in the Court of Common Pleas of Mercer County, through Rowley, P. J., it was held, "In passing upon a rule for a more specific statement, the courts applied substantially the same principles which had determined the right to a bill of particulars. Quoting Leonard v. Baltimore & Ohio Railroad Company, 259 Pa. 51, where it was held that a jury may consider without special averments pain and suffering, expenses incurred for medical treatment and loss of time for inability to work at his usual occupation, our court commented, 'We think this means that the defendant may not object to the testimony to support such claims for

lack of averment. It does not signify that defendant may not obtain specific information with respect thereto, if he moves in time.' "

In Lipinsky v. Graham, 88 D. & C. 156, (1954), through Rodgers, P. J., this court held that plaintiff was required to set forth the special damages consisting of medical expenses and the value of clothing allegedly destroyed in an accident.

In Wells v. Schaller, 3 Mercer 327 (1958), this court, speaking through McKay, J., held that plaintiff was required to specify the parts of the automobile that were damaged and the cost and material and labor necessary to repair it. The claim was for cost of repair of approximately $145. The court stated at page 331, "It is well settled that a defendant is entitled to detailed information of this type upon request for a more specific complaint."

In a thorough review of the applicable law concerning the requirements for a specific allegation of damages, McKay, J., in Rosenblum v. United Natural Gas Co., 3 Mercer 130 (1956), held that an allegation of, "Damage to air conditioning, window display, eye glass frames and various display stands, platform, silks, curtains, vallance and rods, advertising signs, window lettering, plate glass and cleaning $900.00," was too indefinite. Stating, page 134, "The reason most commonly advanced in support of this position is that the purpose of pleading is to provide the opposite party with knowledge of all the facts surrounding the cause of action in order that he may be able to prepare his defense intelligently: McCormick v. The Ellswood Companies, Inc., 83 D. & C. 571. Another, though related reason, that has been advanced is: Conceivably, a defendant may wish to concede liability but contest with vigor the amount of damage claimed: Vaugh, Jr., v. White, 75 D. & C. 44, 45."

We accept as correct the statement, "As a general rule, where damages are sought for property destroyed or injured by the defendant's negligence, it is not necessary to aver in the complaint the value of each particular item alleged to have been destroyed or injured."[1]

Wherefore, plaintiff's complaint must be amended to allege plaintiff's truck value after the accident. It is not required, however, that plaintiff set forth as requested by defendant the individual parts damaged or their value.

II. When a Motor Vehicle is Damaged Beyond Economic Repair, is its Owner Entitled to Recover for Loss of use in Addition to the Value of the Truck?

There are two well reasoned lower court decisions denying compensation for loss of use when a vehicle is damaged beyond economic repair. We subscribe to the reasoning of those cases.

In Flint v. Fosnaught, 5 D. & C. 2d 423 (1955), by McCreary, P. J., of Beaver County, commenting upon Restatement, Torts §928, comment a, p. 425, the court accepts the statement there contained: "If it does not appear to a reasonable person economical to repair or replace the damaged part, the damages are the full value of the subject matter at the time of the tort, less the junk value of the remains." Not only did the court disallow rental, but directed that the case be sent to arbitration as is requested in the instant case.

In Dixon v. Priester, 85 D. & C. 109 (1952), in an opinion by Laub, J., of Erie County, plaintiff was permitted at the trial to prove and recover for loss of use of plaintiff's equipment where it was damaged beyond economic repair. The jury returned a special finding of $750 for this item. The court directed a

---

[1] 3 Standard Pa. Pract., §228, p. 559.

remittitur of that amount. It was the position of the court that what plaintiff was really asking was loss of wages or lost earnings as a result of incapacity to work because of the vehicle being inoperable. The court felt that if that was in fact his demand, it should have been so pleaded, but to permit recovery for "down time" when the vehicle was never to be repaired was contrary to the court's understanding of Restatement, Torts §928.

It is claimed in this case that plaintiff had a loss of use for a period of eight weeks. This item of damage is contrary to the theory of the cases cited above and cannot be recovered in this action.

Wherefore, the motion to strike paragraph six as claiming improper damages for loss of use of the truck is granted.

Pennsylvania Rule of Civil Procedure 1044 (d), authorizes the court on its own motion, whenever it is determined that the amount actually in controversary is within the arbitration limit, to refer the case to a board of arbitration. So finding in this case, it will be ordered.

## ORDER

And now, July 24, 1969, defendant's preliminary objection requesting a more specific complaint to state the value of plaintiff's truck after the accident is sustained. The request to state the parts of the truck that were damaged and the nature of the damage thereto is denied. Defendant's motion to strike paragraph six of the complaint as claiming improper damages is sustained and the Prothonotary of Mercer County is directed to place this matter upon the arbitration list and appoint a board of arbitration for the purpose of hearing the same after the pleadings have been closed. The prothonotary shall be notified of this fact by praecipe for arbitration from either or both of the parties to this action.