JOSEPH PAGUIO, PLAINTIFF-RESPONDENT, v. THE EVE-
NING JOURNAL ASSOCIATION ET AL., DEFENDANTS-
APPELLANTS.

Submitted May 6, 1941—Decided September 3, 1941.

Before Justices Parker, Donges and Colie.

For the appellants, *Wall, Haight, Carey & Hartpence* and
*Charles J. Gormley.*

For the respondent, *Nathan Baker.*

The opinion of the court was delivered by

Donges, J. This is an appeal by defendants from a judg-
ment of the Hoboken District Court in favor of the plaintiff
in a suit brought to recover for the loss of a dog which was
struck and killed by an automobile owned by the corporate
defendant and driven by the individual defendant.

The first point is that there was no legal evidence to sup-
port the trial court's conclusion. We think, however, there
was. Plaintiff's wife testified that she attempted to cross
from the southwest to the southeast corner of Jackson and
Wilkinson avenues with the dog on a leash. She made an

observation and saw no traffic coming.  She started across Jackson avenue holding the leash with the dog about a step in advance of her.  She had reached about the fourth trolley rail which was past the middle of the street, when she heard defendant's car coming at a high rate of speed.  She jumped back out of its path but was unable to pull the dog back, and it was struck and killed.  The car continued for half a block and then was stopped and backed to the point of the accident.

There was evidence on behalf of the defendants that the dog was not on a leash and that it had run out in front of the car.  But, we are of the opinion that the evidence was such as to present a question of fact as to the negligence of the defendants and it cannot be said that there was no legal evidence upon which the finder of the facts might base a verdict in favor of the plaintiff.  This court, of course, will not weigh the evidence.

The other points concern the amount of the judgment which was for $500.  It was testified that the animal had cost the plaintiff $100 and that it had been specially trained for work in a vaudeville act along with plaintiff and his daughter. The act consisted of singing by the daughter accompanied on the accordion by the plaintiff, and at several points during the act the dog in accordance with its training walked across the stage and did tricks designed to inject comedy into the performance.  Plaintiff testified that the dog added great value to the act; that a four week engagement had been cancelled after the first week because of the absence of the dog; and that he was able to obtain booking at only $85 or $100 per week after losing the dog, whereas theretofore he had received $250 a week.

The complaint is that it was improper to permit a recovery for special damages, first, because such damages are not recoverable, and second, because such damages were not averred in the state of demand.  When personal property is taken or injured, the special damage necessarily and proximately attendant upon such loss may be proven to augment the damages beyond the mere value of the property lost.  *Luse* v. *Jones,* 39 *N. J. L.* 707.  We find no merit in the first of these arguments.

As to the failure to plead special damages, while this may have been a good ground for the objection to the admission of evidence, we think it is not a ground for disturbing the judgment in the state of the record. No claim was made in the trial court that this was an improper element of damage. The evidence was admitted for the most part without any objection and there was no objection at all upon this ground. The pleadings could have been amended and may be amended even in the appellate court to conform to the proofs. *McCormack* v. *Haines*, 9 *N. J. Mis. R.* 547. We find no merit in this point.

The remaining point, that the verdict is excessive, is not a ground cognizable on appeal.

The judgment is affirmed, with costs.