## Koren *v.* George et al., Appellants.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leo A. Nunnink,* with him *J. R. McNary,* for appellants.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellee.

OPINION BY DITHRICH, J., July 19, 1946:

A truck owned by plaintiff and used by him in the hauling of coal was damaged when struck in the rear by a street car of defendant and further damaged when it collided with another automobile as a direct result of the first collision. The jury found for plaintiff and from the refusal of its motions for judgment n. o. v. and a new trial defendant brings this appeal.

There was a conflict in the testimony as to how long the truck was on the street car track, but on one point all of the witnesses were in accord and that is that the truck had come to a stop before it was struck.

According to the driver of the truck, he was proceeding eastwardly on West Carson Street, a fifty-foot street in the City of Pittsburgh, and when he was opposite the entrance to a yard of the Pittsburgh Coal Company, which is situated on the northerly side of the street, he stopped on the street car track waiting for traffic coming in the opposite direction to clear so that he could make a left turn into the coal yard. He testified that when he came to a stop the street car was about 150 feet to his rear, the truck and the car having maintained the same relative positions for the distance of approximately 600 feet that the truck was on the street car track before it was brought to a stop at the place of collision.

His testimony in the main was corroborated by that of the weighmaster in the coal yard.

The operator of the street car and a passenger on the car testified that the truck was driven onto the track when it was not more than fifty to seventy-five feet in front of the street car, that it came to a stop without warning, and so suddenly that the operator of the street car, although he made an emergency stop, was not able to avoid the collision.

Negligence of the defendant and the alleged contributory negligence of the plaintiff depended on the length of time the truck was stopped on the car track and the distance that separated the street car and the truck when the latter came to a stop, and under the authority of *Sexauer v. Pittsburgh Railways Company,* 305 Pa. 319, 157 A. 603, and *Doran v. Pittsburgh Railways Company,* 343 Pa. 204, 22 A. 2d 826, were questions of fact for the jury. Considering the testimony in the light most advantageous to the plaintiff, all conflicts therein being resolved in his favor and giving him the benefit of every fact, and inference of fact, pertaining to the issue involved, which may reasonably be deduced from the evidence, as we are required to do in passing on the motion for judgment n. o. v., we cannot say as a matter of law that plaintiff was guilty of contributory negligence. The negligence of both parties was for the jury.

The only reason assigned in support of the new trial motion that merits discussion is the measure of damages. As to the actual repairs to the truck for which itemized bills were submitted and proven, there can be no question. But defendant questions the right of the jury to award plaintiff $200 additional damages for loss of use of the truck. It was engaged daily in hauling coal to a Navy project on Neville Island and was laid up for repairs for about three weeks. An auditor for plaintiff testified that the cost of operating the truck amounted to $14.12 daily, which amount he itemized,

and that plaintiff received $24 per day for the use of the truck, resulting in a net profit daily of $9.88. It is now well established as a general rule that the loss of profits from the destruction or interruption of an established business may be recovered if the amount of actual loss is rendered reasonably certain by competent proof: C. J. S. §42, p. 518; *Stone v. C. I. T. Corp.*, 122 Pa. Superior Ct. 71, 184 A. 674. The loss of use of the truck was properly submitted to the jury as were the other elements of damage and the verdict cannot in any way be considered excessive.

The judgment is affirmed.