GUIDO et al. v. HUDSON TRANSIT LINES, Inc.

No. 9956.

United States Court of Appeals Third Circuit.

Argued Nov. 23, 1949.

Decided Jan. 5, 1950.

Samuel Doan, Paterson, N. J. (Charles C. Stalter, Paterson, N. J., on the brief), for appellant.

Walter G. Winne, Hackensack, N. J. (Winne & Banta, Hackensack, N. J., on the brief), for appellees.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal presents a question of the measure of damages for the negligent destruction of a chattel. It is an almost perfect moot court case. The defendant's negligence has been established by jury verdict and the finding is not contested. A collision took place on a New Jersey highway on October 4, 1946 between plaintiffs' and defendant's vehicles. The plaintiffs showed that because of post-war shortages they did not succeed in buying a new truck until two years after the accident and that their bulldozer, destroyed in the same collision, had not been replaced up to the time of trial. There is no attack upon the reasonableness of the plaintiffs' conduct nor the truthfulness of the testimony with regard to this matter. Plaintiffs also showed that two weeks prior to the accident they had entered into an excavation contract which had assured them of income for the truck and bulldozer at a specified daily rate for about 400 days over a two-year period. They also proved the expenses that they would have incurred in the fulfilment of their contract. The defendant objects to the allowing of recovery of any damages beyond the value of the chattels at the time of the accident less salvage value for junk.[1]

Unlike a bench with general jurisdiction in a moot court argument, however, we are circumscribed in the choice of au-

---

1. We find no merit in the defendant's further contention that the trial court erred in not charging the jury on the limitations to their discretion in awarding damages for loss of profits. Not only did the defendant fail to take an exception or make a request for charge on this point, but it was not harmed by the error, if error there was, because the verdict corresponded closely with the profit losses proved.

thorities on which to base our result. The operative facts all took place in New Jersey and the federal courts have jurisdiction only by reason of diversity of citizenship. Both the trial court and we are limited, therefore, to a pronouncement of what we find the New Jersey law to be in the light of the local authorities which bear upon the question, supplemented, as a New Jersey court would supplement its own rulings, by reference to authorities generally.

■ The rule is well established that the measure of damages for the conversion or destruction of a chattel is the market value of the chattel at the time and place of the conversion or destruction. While this is sometimes stated as though it were a rule applicable to vehicles [2] it is a general rule applicable to all kinds of chattels. The justification for it is that this provides a convenient rule of thumb and, in case the article is readily replaceable on the open market, compensates the owner for his loss.

The difficulty comes when this convenient rule of thumb is sought to be applied to every case regardless of the circumstances. This the defendant would have us do here and cites authorities which have taken this ironclad view of the matter.[3] The fear of allowing "speculative" damages has scared some courts into applying what Mr. Justice Christiancy years ago called "the certainty of injustice."[4]

■ The general principle which should govern the matter is quite clear. Damages are supposed to compensate the injured person for the wrong which has been done

him.[5] If his loss is greater than the market value of the chattel at the time of its destruction, an owner should, on principle, be allowed additional items which will adequately compensate him unless some of those claimed items are so speculative as to create danger of injustice to the defendant.

Here we have the perfect case for the allowance of the additional element of damages. As pointed out above, the plaintiffs' case removed the possibility of speculation by careful proof which showed not only the possibility of profitable use but an actual contract for that use. This case, therefore, fits perfectly into the statement of the measure of damages set out in Section 927 of the Restatement of Torts.[6]

■ We think it also fits perfectly into the background of New Jersey decisions. As early as 1818 the Supreme Court of New Jersey allowed recovery of prospective profits for an injury to the plaintiff's fish net.[7] Ninety years later the Supreme Court of New Jersey enunciated the rule as follows: "The pertinent rule is that when personal property, in the actual use of the owner, is injured by a trespasser, so that the owner is deprived of its use, the special damage necessarily and proximately attendant upon such privation may be proven to augment the damages beyond the diminution in value of the thing injured."[8]

Each of these cases was one of injury to a chattel, not its destruction. It may be urged, as defendant does, that there is some magic difference between the two. We see none.[9] Neither do the New Jersey courts.

2. 6 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., § 3414 (1945).

3. Burrage v. Tri-State Transit Co., La. App.1933, 149 So. 125; Barnes v. United Rys. and Electric Co., 1922, 140 Md. 14, 116 A. 855; German v. Centaur Lime Co., Mo.App.1927, 295 S.W. 475; Hayes Freight Lines, Inc., v. Tarver, 1947, 148 Ohio St. 82, 73 N.E.2d 192; 6 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., § 3414 (1945); 25 C.J.S., Damages, § 83, p. 602; 1 Sedgwick on Damages § 178 (9th ed. 1920). The doctrine is criticized in Note, 61 Harv.L.Rev. 113, 159 (1947);

Note, 169 A.L.R. 1074, 1094 (1947); Comment, 33 Minn.L.Rev. 779 (1949).

4. Allison v. Chandler, 1863, 11 Mich. 542, 555.

5. Restatement, Torts § 910.

6. Damages for the conversion or destruction of a chattel include (a) its value and "(b) the amount of any further loss suffered as the result of the deprivation."

7. Post v. Munn, 1818, 4 N.J.L. *61, 7 Am. Dec. 570.

8. Graves v. Baltimore & N. Y. Ry. Co., 1908, 76 N.J.L. 362, 69 A. 971, 972.

9. The suggestion found at 1 Sedgwick on Damages § 178 (9th ed. 1920) that there

We think that conclusive evidence of the correctness of the decision reached below is found in the most recent New Jersey case on the subject, which was not cited to us by either side. It is Paguio v. Evening Journal Association, 1941, 127 N. J.L. 144, 21 A.2d 667. The defendants negligently killed the plaintiff's dog. The animal cost the plaintiff $100. Following the purchase it had been specially trained for work in a vaudeville act in which the plaintiff performed. The loss of the dog hurt the plaintiff's earnings in the act and he showed how much. The court allowed recovery for a larger sum than the cost of the dog and said: "When personal property is taken or injured, the special damage necessarily and proximately attendant upon such loss may be proven to augment the damages beyond the mere value of the property lost." 21 A.2d at page 668. This clinches the matter.

The judgment will be affirmed.

can be no recovery of profits because the plaintiff's interest in the property ceases at the time of its destruction and

because he no longer has "title" certainly represents mechanical jurisprudence in its most extreme form.