**Babcock Poultry Farm, Inc., Appellant, *v.* Shook.**

Argued April 13, 1964. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Clayton A. Sweeney*, with him *Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for appellant.

*Donald R. McKay*, with him *Cusick, Madden, Joyce, Acker and McKay*, for appellee.

Opinion by Woodside, J., September 17, 1964:

This is an appeal from a judgment entered in an assumpsit action in the Court of Common Pleas of Mercer County after the court refused the plaintiff's motions for judgment non obstanto veredicto and for a new trial.

The plaintiff, Babcock Poultry Farm, Inc. (Babcock), a wholesaler of baby chicks, sued John E. Shook, Jr., a poultry farmer, in assumpsit to recover $507.99, the balance due on the sale of baby chicks under a written agreement entered into in 1960. Shook, admitting this claim, filed a counterclaim for $4489.40 alleging the breach of an express warranty made in conjunction with an oral agreement entered into by the parties in 1959. The jury allowed Babcock's uncontested claim in full, but returned a ver-

dict for Shook on his counterclaim in a net amount of $3,014.81.

Babcock contends that the lower court erred in refusing to enter judgment n.o.v. because the evidence did not establish (1) the existence of an express warranty; (2) that Babcock had received notice of the alleged breach of warranty "within a reasonable time," as required by the Uniform Commercial Code of April 6, 1953, P. L. 3, §2-607(3), as amended, 12A P.S. §2-607(3); or (3) that Shook had relied upon the express warranty.

Shook, an experienced poultry farmer, entered into a written agreement in 1958 with Babcock providing for his participation in an experimental testing program designed to evaluate a new strain of chicks developed by it. For his part Shook bought 2200 experimental chicks which he then raised, keeping and submitting to Babcock detailed records on their egg production. Babcock paid Shook for the records.

In 1959 Shook advised the wholesaler that he would no longer participate in the testing program because the egg production of the chicks involved was inferior to that of a strain known as Barbara chicks which he had been using. Whereupon, Babcock invited Shook and his wife to its Ithaca, New York, office for a conference. At this conference the parties entered into an oral agreement providing that Shook would remain in the testing program, that is, raise the experimental chicks and continue to submit records on their egg production, while Babcock agreed to furnish without cost to Shook both experimental chicks and some Barbaras for control purposes, and in addition, to assist Shook with compiling the required records.

At the trial Babcock contended that the offer to supply free Barbara chicks which were allegedly in short supply was the means by which it secured

Shook's promise to continue in the program. Shook, testifing that he could have obtained Barbaras from another source, contended that Babcock induced him to enter into the oral agreement, and thus remain in the testing program, by guaranteeing or warranting that the experimental chicks would average, egg production-wise, as "good or better" than the Barbara chicks to be sent as a control flock. Babcock through its employes denied that such a warranty was made, testifying that experimental chicks could not by their very nature be warranted or guaranteed.

Pursuant to the oral agreement, Babcock shipped three flocks of birds totalling 2459 chicks of which 106 were Barbaras and the rest were of the experimental strain. Babcock admits that the latter did not perform as well as the Barbaras.

The evidence was conflicting, but in considering a motion for judgment n.o.v., the verdict winner, in this case the counterclaiming defendant, must be given the benefit of the evidence which is most favorable to him, together with all reasonable inferences therefrom. *Farmers' Northern Market Co. v. Gallagher,* 392 Pa. 221, 224, 139 A. 2d 908 (1958); *Rader v. Palletz,* 160 Pa. Superior Ct. 335, 337, 51 A. 2d 344 (1947). Viewed in this light, there was sufficient evidence as summarized above to take the case to the jury. The question of whether or not a warranty had been made by Babcock was resolved by the jury in Shook's favor, and we cannot say that there was insufficient evidence to support that finding.

On the question of notice of the breach, the jury could infer that Babcock was aware that its warranty was breached through the periodic reports required to be submitted to it by Shook which showed the inferior egg production of the experimental chicks.

On Babcock's appeal from the refusal of the court to grant a new trial, it contends that there was in-

sufficient evidence for the jury to apply the proper measure of damages. Babcock complains that Shook's damages should be limited to the difference between the value of the experimental chicks accepted and the value they would have had if they had been as warranted, citing the Uniform Commercial Code, supra, §2-714(2), as amended, 12A P.S. §2-714(2). This argument overlooks the nature of the warranty found by the jury to have been made by Babcock. If the egg production of the experimental chickens was warranted to average "as good or better" then the control flock of Barbaras, evidence as to the loss in production and the market value of the difference was the correct measure of damages. Shook introduced such evidence, as well as evidence that he had purchased eggs during the period in question at a wholesale egg auction in order to supply his larger customers and thereby retain them as future customers. In effect he showed the amount of the loss, the value thereof, and that he could have sold the eggs if the experimental chicks had produced as warranted.

Judgment affirmed.