**Nelson v. Johnson**

*Eugene E. Fike, 2d,* of *Fike, Casio & Boose,* for plaintiff.

*James O. Courtney, Jr.,* of *Courtney & Courtney; Norman A. Shaulis,* of *Shaulis, Kimmel & Rascona,* and *Robert M. Philson,* for defendants.

COFFROTH, P. J., April 20, 1970.—At pretrial conference held March 16, 1970, the question of the proper measure of damages for injuries to a truck-tractor and trailer was raised for pretrial rulings by the court on the following factual assertions:

The collision occurred April 6, 1967, on the Pennsylvania Turnpike in Allegheny Township, Somerset County. The damaged vehicles were towed to a Bedford garage. Plaintiff then entered into negotiations with his collision carrier to determine the nature and extent of the loss, as a result of which the tractor owned by plaintiff was towed to Louisville, Kentucky, plaintiff's home, for repairs, one or two weeks after the accident. Settlement discussions then took place between plaintiff and defendants' carriers; about a month later at the end of May, 1967, the vehicle was declared a total loss because the cost of repair was determined to be in excess of its fair market value before injury. After the tractor was taken to Louisville, it was rebuilt and placed in operation by July 6, 1967. The trailer belonged to Coldway Carriers, not a party to the action; it was

under lease to plaintiff, was also damaged and was towed from Bedford to Louisville for return to its owner.

Plaintiff has been paid the value of his tractor, but he claims in this suit the following additional items of damage:

1. Towing tractor and trailer from scene of accident to Bedford and storage.

2. Trip from Louisville to Bedford to pick up driver after accident.

3. Towing trailer to Louisville.

4. Towing tractor to Louisville.

5. Reimbursement for damage to trailer paid by plaintiff.

6. New State permits and lettering for rebuilt vehicle.

7. Telephone calls.

8. Loss of income for the period of 13 weeks during which the tractor was disabled.

Items 1 through 7 are paid or incurred expenditures. Item 8 is compensation for loss of use; although plaintiff contends that he seeks loss of profits or income, not loss of use, we regard the claim as one for loss of use. We will treat the two classes of damage separately.

## LOSS OF USE

Defendants contend that where a vehicle is totally destroyed, or where the cost of repair exceeds its value so that the owner is entitled to be paid as for a total loss, the owner is not also entitled to compensation for loss of use. The Pennsylvania decisions support that contention: Cowher v. Dornhaffer, 47 D. & C. 2d 190; Flint v. Fosnaught, 5 D. & C. 2d 423; Dixon v. Priester, 85 D. & C. 109. But since there are no Pennsylvania appellate rulings which bind us, and since the appellate decisions of other jurisdictions are not in

harmony, we must make our own determination as to what the law of Pennsylvania is or should properly be.

The best approach to a solution of the problem is first by analysis of the Pennsylvania decisions in cases involving less than total vehicle destruction. There, we find that:

1. Plaintiff is entitled to recover not only the cost of repair but also the cost of renting a substitute vehicle, as loss of use: Bauer v. Armour & Co., 84 Pa. Superior Ct. 174.

2. Or, plaintiff may recover loss of earnings or profits if pleaded and proved with reasonable particularity: Koren v. George, et al. 159 Pa. Superior Ct. 182; Stone v. CIT Corp., 122 Pa. Superior Ct. 71; Godfrey v. Dowling, 10 D. & C. 2d 536.

3. The compensable loss of use period is limited to a reasonable time for repair: Holt v. Pariser et al., 161 Pa. Superior Ct. 315.

4. Although it is the duty of a plaintiff to take reasonable steps to mitigate his damages, such as to rent a substitute vehicle during the repair period to avoid greater loss of earnings or profits, he is not limited to rental cost or value and the burden of proof on the issue of mitigation is upon defendant: Stone v. CIT Corp., supra.

5. Pennsylvania has adopted the rule set forth in section 928 of the Restatement of Torts, which specifically allows damages for loss of use in addition to cost of repair: Herr v. Erb, 163 Pa. Superior Ct. 430; Holt v. Pariser, supra.

The rationale of allowing loss of use for a reasonable repair period is that the tortfeasor has deprived the owner of the use of the property during that period. Plaintiff wants to apply the same rationale to a total

loss or destruction case to recover loss of use for the period reasonably required to replace his vehicle.

The collection of cases in the annotation in 18 A.L.R. 3d 497 shows that most States refuse damages for loss of use in total loss cases, but that a substantial minority of well-reasoned cases allow it. The Pennsylvania lower court cases generally follow the former view.

In Dixon v. Priester, supra, Judge Laub refused recovery for loss of use in a total loss case, although he was apparently anguished in doing so, stating, page 110, that: "Consideration of the facts in this case leads one to reason that plaintiff ought to recover his damage for loss of use since he suffered that pecuniary loss as the direct result of defendant's negligence." But he concluded that section 928 of the Torts Restatement settled the issue in Pennsylvania against allowing loss of use. In his Trial Guide, §339.6 published in 1959, seven years after Dixon, Judge Laub refrains from stating the holding of Dixon in his text as the law of Pennsylvania, not even citing the case; but he appends this footnote:

"Problems involving loss of use are frequently complicated by claims for such loss where the vehicle was totally destroyed. Arguments can be advanced either way in support of or against such claims, but these have *evidently* been resolved by the Restatement against recovery in such case because the quoted section (§928) limits recovery to those cases only where the harm does not amount to total destruction." (Italics supplied.)

In Flint v. Fosnaught, supra, loss of use was denied again on the basis of section 928 of the Torts Restatement; also cited was Dixon, a Louisiana case and two Federal cases.

In Cowher v. Dornhaffer, supra, loss of use was

again denied on the basis of section 928 of the Torts Restatement and the court also relied on Dixon and Flint.

The Torts Restatement has for more than a quarter of a century received such uniform approval by our appellate courts in Pennsylvania that it has become the most important single index to Pennsylvania tort law. Despite its unusual terminology, its authority in this State is well established. For these excellent reasons, the courts in Dixon, Flint and Cowher, supra, in the absence of appellate direction, looked to the Restatement for guidance. As pointed out above, the Superior Court had already placed its stamp of approval on section 928 in cases involving harm to chattels not amounting to a total destruction. Taking this lead, Dixon, Flint and Cowher rested their conclusions in total loss cases on that same section; they quote from the comment on clause (a) that: "If it does not appear to a reasonable person economical to repair or replace the damaged part, the damages are the full value of the subject matter at the time of the tort, less the junk value of the remains." But that comment is literally taken out of context; it simply states the settled rule that where the cost of repairs exceeds the value of the vehicle before injury, the value before and after rather than the cost of repair is the proper measure of damage as stated in clause (a) of section 928; it does not relate to clause (b), loss of use, which is payable in addition to the damages prescribed in clause (a). To regard that sentence as the rule governing the measure of damages in total loss cases, as excluding loss of use, misreads the Restatement. Clearly, section 928 by its very terms relates only to cases of injury "not amounting to total destruction" and the Superior Court has applied it only to such cases.

It is section 927 which governs total loss cases. It

provides for payment of: (1) the value of the vehicle, and (2) the amount of any further loss as a result of the deprivation, and (3) interest or compensation for *loss of use*.

In Buchanan v. Leonard, 127 Fed. Supp. 120 (U. S. D. C. Col., 1954), the vehicle was a total loss; the court allowed in addition to the vehicle value the loss of use citing Restatement, Torts, §927.

In Reynolds v. Bank of America N. T. & S. Assn., 345 P. 2d 926, 73 A. L. R. 2d 716 (Cal., 1959), loss of use of an airplane lost at sea was allowed for the period reasonably required to replace it, citing Restatement, Torts, §927. The applicable code provided for payment of damages in such amount as would "compensate for all the detriment proximately caused." The court stated that there was no logical or practical reason for a distinction between repair cases and total loss cases, and that the older rule denying loss of use in total loss cases "appears to be the result of historical limitations upon the action of trover at common law": Page 928.

In Knapp et al. v. Styer et al., 280 F. 2d 384 (C. C. A. 8, 1960), 47 days were required to replace the vehicle which was a total loss, and plaintiff's offer to show both the rental cost of a substitute and loss of profits as alternative measures of damage was refused. On appeal, the ruling was reversed, citing Restatement, Torts, §927. As in Reynolds, supra, the applicable code awards damages in such amount as will compensate for all detriment proximately caused.

In George Bohannon Transportation, Inc. v. Davis, 323 F. 2d 755 (C. C. A. 10, 1963), the court allowed both the value and loss of use of a destroyed derrick during the necessary replacement period, citing Restatement, Torts, §927. The court stated:

"We see no logical or practical reason why a

distinction should be drawn between a situation where the property is totally destroyed and one where the property is injured but repairable."

In New York Central v. Churchill, 218 N. E. 2d 372 (Ind. App., 1966), plaintiff's tractor-trailer unit was damaged beyond repair; reasonable rental value of the property for the reasonable amount of time it would have taken or required to replace it was allowed as loss of use, citing Restatement, Torts, §927, even though the vehicle was not, in fact, replaced because plaintiff established his loss by proof of his need for the vehicle to fulfill a contract.

In Guido et al. v. Hudson Transit Lines, Inc., 178 F. 2d 740 (C. C. A. 3, 1949), loss of use was allowed for a truck totally destroyed, measured by the lost profits under a hauling contract, citing Restatement, Torts, §927. In referring to the cases which allow loss of use only in repair cases, the court said: "It may be urged, as defendant does, that there is some magic difference between the two. We see none." The opinion writer, Judge Herbert F. Goodrich, former Dean of the University of Pennsylvania Law School, had this to say of the Torts Restatement:

"Here we have the perfect case for the allowance of the additional element of damages. As pointed out above, the plaintiffs' case removed the possibility of speculation by careful proof which showed not only the possibility of profitable use but an actual contract for that use. This case, therefore, fits perfectly into the statement of the measure of damages set out in §927 of the Restatement of Torts."

Judge Goodrich was not only a renowned teacher of tort law, he was one of the founders of the American Law Institute which fashioned the Restatement; more, he was one of the advisers in the preparation of division 13, chapter 47, of the Torts Restatement

which embraces §§927 and 928. His opinion in Guido clinches the proposition that in both repair and total loss cases, the Torts Restatement allows both the property value *and* loss of use.

In the absence of controlling appellate authority in Pennsylvania, we follow the Restatement and, therefore, conclude that the owner of a vehicle which is damaged, whether repairable or not, may recover from the tortfeasor damages for loss of use in addition to other damages suffered, and that the principles governing such damages in repair cases as applied by the Pennsylvania courts are also applicable to total loss cases.

Accordingly, we will admit proper evidence of such loss of profits proximately caused by the negligence of one or more of the defendants, for the reasonable replacement period. The reasonable replacement period should include such time as it may take a reasonable person to determine whether the vehicle is economically repairable or not: Plotkin v. Martino, 192 So.2d 381 (La., 1967); National v. American, 170 So.2d 729 (La. App. 1965); White v. Trahan. 111 So. 2d 561 (La., 1959). That is part of the detention period during which the owner is deprived of use. See Restatement, Torts, §931.

Although Pennsylvania has no code provision as in Reynolds and Knapp, supra, our case law has long since adopted the same mandate, that an injured person "should be at least fully compensated for all injuries sustained": Neuman v. Corn Exchange N.B.&T. Co. 356 Pa. 442, 456; 11 P. L. E., Damages, §11. "As between the innocent victim of a wrong and the person who accomplished the wrong, the law imposes on the malfeasor the obligation to make the victim whole in every phase in which the victim has suffered, to the extent that rehabilitation is possible

in terms of money": Spangler v. Helm's New York-Pittsburgh Motor Express, 396 Pa. 482, 485-86. This elementary standard can be met in cases where loss of use is, in fact, sustained and is reasonably measurable, only by allowing pecuniary damages for it. No other course makes sense or does justice. As courts make law, they should also make sense; if they do not, but by unexamined reflexes cling to historical anachronisms, injustice is done and the respect for law we so constantly urge deteriorates.

The more difficult problem comes in determining the proper measure of loss of use damage in a particular case. Necessarily, there is no ready rule of thumb for all cases. Indeed, the older rule denying loss of use had a great convenience to it; under it the necessity of devising fair and reasonable rules for loss of use compensation is dispensed with. Those problems are swept under the rug, to the great satisfaction of defendant and the convenience of the court. That feature of the older rule was part of its judicial attraction; another such feature was the apprehension that loss of use damages are so frequently conjectural. As stated by Judge Goodrich in Guido, supra, page 742; "The fear of allowing 'speculative' damages has scared some courts into applying what Mr. Justice Christiancy years ago called 'the certainty of injustice.' " But the speculative set of facts is identifiable and separable from the reasonably certain set of facts; that the Restatement rule means more work, and in close cases hard decisions, is scarcely a reason worthy of a court for denying fair compensation to a plaintiff for loss of use where proofs are reasonably certain.

This case raises some of those difficult problems:

1. Plaintiff's factual presentation asserts that a portion of the 13-week period for which loss of use is

claimed, perhaps two weeks, is attributable to his collision carrier's request that the damaged vehicle remain intact until it could be examined and a determination made as to its repairability. The question is whether that much time was reasonably necessary for the purpose. We are not concerned with the negotiations between plaintiff and his carrier. If it can be promptly determined from ordinary observation of the damaged vehicle whether it is repairable, there is no compensable down time for that purpose; if not readily determinable, the compensable down time will be limited to that period reasonably required to have the determination made by a competent person, and for the inspections and preparation of estimates incident thereto, unaffected by any additional time involved in negotiations either with plaintiff's own carrier or with defendants or their carriers. Plaintiff will have the burden of proving the amount of time reasonably required for this purpose, on the basis of the nature of the damage to the vehicle.

2. Plaintiff, in fact, had this vehicle placed back in operation by rebuilding it, requiring approximately 11 weeks of down time, instead of replacing it by purchase. On the issue of replacement time, counsel for defendants, Johnson and Martin-Marietta, asserts that: ". . . it takes time to get a new tractor, but that could be as short as an hour or two. You could go out to Glessner's Highway Service and pick up one this afternoon. . . ." If that is established, the replacement period is so short as to eliminate loss of use damage. The issue then is 0 or 11 weeks, or somewhere in between.

Here, the burden of proof becomes vital. Plaintiff takes the position that he may prove his down time as the compensable loss of use period, and that the burden is on defendant to produce evidence of some

reasonable alternative, thus leaving the matter for decision by the trier of the facts. True, the ordinary rule is that plaintiff has the burden of proving the reasonable replacement period, but that defendant has the burden of proving that plaintiff should have mitigated his losses: Stone v. CIT Corp., supra. But as plaintiff was paid for a total loss on the ground that the repair cost exceeded the vehicle's market value, on the theory that it can be replaced on the market at a lesser cost than repairs, plaintiff's compensable down time, at least prima facie, must, therefore, be measured by the time required for replacement in the market. Replacement in this context means acquisition in the market of another vehicle to replace the one totally destroyed; rebuilding a damaged vehicle is not such a replacement, but is essentially repair. Where repair cost exceeds value, plaintiff is not entitled to loss of use for a repair period any more than he is entitled to the repair cost; having been paid replacement value, loss of use must be restricted to the replacement period, that is, the time required to obtain a functional substitute on the market. Accordingly, plaintiff's burden of proof on the issue of reasonable replacement time is not met by proving reasonable repair or rebuilding time. Plaintiff had every right to repair or rebuild if he wished, but not thereby to foist upon defendants either liability for additional down time, or the burden of proof of the reasonable time for obtaining a substitute vehicle in the market. Accordingly, plaintiff may not at the trial prove the time required for rebuilding, unless and until he has first established that no similar vehicle was available on the market within a lesser period. The issue is unaffected by plaintiff's financial ability to purchase: New York Central v. Churchill, supra;

Bernard v. Fidelity & Casualty Co. of N. Y. et al., 186 So. 2d 904 (La., 1966), 18 A. L. R. 3rd 493.

3. As to loss of profits or income, paragraph 19 of the complaint avers loss of income in the approximate amount of $3,250. Under Pennsylvania Rule of Civil Procedure 1019(f), averments of special damages must be specifically stated. When it comes to loss of profits, the cases are split on the question whether a lump sum averment is sufficient, or whether it must be itemized to show the basis for its calculation. Some courts place the burden on plaintiff to plead the details: National Novelty Co., Inc. v. Zuvich, 16 D. & C. 2d 359, and Snyder v. Bell Telephone Company of Pennsylvania, 32 D. & C. 2d 128, 81 Dauphin 315; others remand defendants to discovery procedures: Moore v. Petroleum Heat & Power Co., 1 Goodrich-Amram, §1019 (f)-2, 1971, supplement page 239, and Godfrey v. Dowling, 10 D. & C. 2d 536.

At the continued trial conference hereinafter scheduled, plaintiff should be prepared to present full details of his intended proof of loss of profits or income so that we may avoid the loss of time incident to either amendment of pleadings or further discovery procedures.

### EXPENDITURES PAID OR INCURRED

Plaintiff is also entitled to recover such expenditures made or obligations incurred as a result of the tort; plaintiff must prove that such items are reasonable in amount and that the negligence is their legal cause. Any reasonable expense naturally and proximately resulting from loss of, or damage to, property, even though not actually paid out, usually is a proper element of recovery: 25 C. J. S. Damages, §48(a).

By this test, we would rule on the offers of special damages as follows:

1. Towing the tractor from Bedford to Louisville: as compensation for the repair time depends upon proof by plaintiff of the unavailability of a substitute vehicle, this item of transportation for repair purposes hangs upon the same condition.

2. All other claimed obligations or expenditures will be allowed subject to proof of reasonableness and causation. As to the lessor-lessee relationship between plaintiff and Coldway, we do not believe that the lease need be attached to the complaint under Pa. R. C. P. 1019(h), because its relevance is subsidiary to the basis for the cause of action; besides, the instrument has now been made available to all parties in ample time to prepare for trial.

Accordingly, we enter the following

### ORDER

Now this April 20, 1970, the case is scheduled for further pretrial conference on Wednesday, April 29, 1970, at 9:30 a.m., for the presentation of additional facts on the damage issues, consistent with this opinion.