**Delmar B. DENNIS**

v.

**FORD MOTOR COMPANY, Appellant.**

**No. 71–2153.**

United States Court of Appeals, Third Circuit.

Argued Nov. 2, 1972.

Decided Jan. 5, 1973.

James P. McKenna, Jr., Dickie, Mc-Camey & Chilcote, Pittsburgh, Pa., for appellant.

James C. Larrimer, Dougherty, Larrimer & Lee, Pittsburgh, Pa., for appellee.

Before FORMAN, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER III, Circuit Judge.

In the instant case the jury awarded appellee Delmar Dennis damages of $13,-471.00 in his diversity products liability action against appellant Ford Motor Company. Dennis' recovery from Ford was based on the standard of strict liability imposed upon a manufacturer or seller by the Restatement (Second) of Torts § 402A, which was adopted as law in Pennsylvania in Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966).[1]

On this appeal from the judgment entered pursuant to the jury's verdict, Ford contends that the district court, 332 F. Supp. 901, erred in denying its motions for judgment N.O.V., for a new trial and for a remittitur.

The facts in this case are adduced from the district court opinion. On September 28, 1967, Dennis purchased a new Ford truck-tractor from an authorized and franchised Ford dealer in Uniontown, Pennsylvania. Upon delivery the next day, Dennis' brother mounted a fifth wheel upon the tractor for the purpose of attaching a trailer to it.[1A] He then drove the tractor on a short test run, and it was also tested by Dennis' regular driver. No difficulty was experienced in the operation of the tractor during either of these test runs.

On September 30, 1967, the tractor, pulling a semi-trailer loaded with sawdust on its first regular run, veered off the highway to the right while going downhill, demolishing the entire unit. The driver testified that he felt the right front wheel give way, causing him to lose steering control. The jury's $13,-471.00 verdict in favor of Dennis included, by special interrogatory, the sum of $3,865.00 for the fair rental cost of replacement equipment.

Section 402A(1) of the Restatement (Second) of Torts provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

In denying Ford's motions for judgment N.O.V. or a new trial, the district court relied on MacDougall v. Ford Motor Co., 214 Pa.Super. 384, 391, 257 A.2d 676, 680 (1969), which held that "the occurrence of a malfunction of machinery in the absence of abnormal use and reasonable secondary causes is evidence of a

---

1. Both parties agree that Pennsylvania law applies in this case. The relevant authority is Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), read in conjunction with Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 (1964).

1A. A fifth wheel is a coupling in the form of two disks rotating on each other for use in attaching a semi-trailer to a tractor. Webster's Third New International Dictionary 847 (14th ed. 1961). The tractor in this case was designed for the installation of a fifth wheel.

'defective condition' within the meaning of § 402A. . . ." *See* Greco v. Bucciconi Engineering Co., 407 F.2d 87 (3d Cir. 1969).

Ford's primary argument in this appeal is that if a user like Dennis makes a change in a product which could have an effect on its operation, he cannot proceed under § 402A and the rationale of *MacDougall* unless he shows that the change was not substantial and did not contribute to the happening of the accident. Specifically, Ford alleges that for Dennis to recover on the basis of § 402A under the circumstances of this case, he must affirmatively prove that the admitted addition of the fifth wheel was not a substantial change in the tractor and did not contribute to the accident. Judge Knox charged the jury on this point as follows:

"Second, you may find the Ford Motor Company liable to the plaintiff for damages if you conclude that the Ford tractor did not function properly even though the specific defect causing the malfunction has not been established. That point is affirmed with the modification: Provided you find no change in the tractor by plaintiff caused the accident."

Ford contends that this charge was incorrect because it permitted the jury to speculate, without any supporting testimony from Dennis, that a change in the tractor since leaving Ford's control had no effect on the functioning of the tractor.

Ford's argument on this point must be rejected since it is based upon a misreading of § 402A(1)(b) which requires that a product "reach the user . . . without substantial change. . . ." The tractor in this case did reach the user, Dennis, without substantial change. The mounting of the fifth wheel took place *after* the tractor was in the hands of Dennis, and this kind of change is outside the scope of § 402A. Consequently, since § 402A is inapplicable to changes made by a user after receiving a product, Ford cannot rely on the "substantial change" language in § 402A(1)(b) even though this case properly came before the district court as a § 402A case.

Ford seems to contend that the real cause of the tractor accident had nothing to do with any alleged defective condition but rather resulted from the placing of the fifth wheel. This is a causation problem, not a § 402A problem. Under these circumstances, Judge Knox's charge correctly placed the question of proximate cause before the jury. Bleman v. Gold, 431 Pa. 348, 246 A.2d 376 (1968).

The second issue raised by Ford in this appeal is that Dennis is not entitled to damages for loss of use of either the tractor or trailer since both were totally destroyed. A special interrogatory showed that these damages aggregated $3,865.00 and included $3,240.00 for loss of use of the tractor and $625.00 for loss of use of the trailer. Ford argues that since Dennis cannot recover for loss of use of commercial vehicles damaged beyond repair, the district court had no jurisdiction to adjudicate in this case since the remainder of Dennis' claims amounted to slightly less than $10,000.00. Ford also contends that even if the district court did have jurisdiction to adjudicate, it erred in denying Ford's motion for a remittitur as to the $3,865.00 which the jury improperly awarded Dennis for loss of use of his tractor and trailer.

The district court found that both the Ford tractor and trailer were damaged beyond repair. Testimony indicated that attempts were made to replace the Ford tractor immediately, but a strike at the Ford Motor Company prevented this. On November 24, 1967, Dennis ordered a similar Chevrolet tractor and took delivery on January 26, 1968. During the period from the date of the accident to the delivery of the new tractor, Dennis was forced to rent a replacement vehicle at $27.00 per day, or $3,240.00, in order to meet his commitments. Dennis was also required to rent a semi-trailer for five weeks at $125.00 per week, or $625.00, until he could build a new one. The

jury found both of these rentals to be fair and reasonable.

The question which we must decide on this appeal is whether there may be recovery for loss of use of a vehicle which has been substantially destroyed and is not substantially repairable. Initially, it is noted that there are no Pennsylvania appellate decisions on this point.[2] Pennsylvania does provide, however, for damages for loss of use of a vehicle which is repairable. Holt v. Pariser, 161 Pa. Super. 315, 54 A.2d 89 (1947); Koren v. George, 159 Pa.Super. 182, 48 A.2d 139 (1946). We must determine whether or not to extend that rule to the present situation, where Dennis' tractor and trailer were not repairable.

An examination of the cases considering this problem indicates that many jurisdictions have historically drawn a distinction between repairable and unrepairable damage, permitting recovery for loss of use only in the former instance. E. g., Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955); Cunningham v. Crane Co., 255 Ill.App. 373 (1930); Skinner v. Scott, 238 La. 868, 116 So.2d 696 (1959); Orr v. Williams, 379 S.W.2d 181 (Mo.App. 1964); Hayes Freight Lines, Inc. v. Tarver, 148 Ohio St. 82, 73 N.E.2d 192 (1947); Missouri P. R. Co. v. Qualls, 120 Okl. 49, 250 P. 774 (1925); Cogbill v. Martin, 308 S.W.2d 269 (Tex.Civ.App. 1957).

As pointed out by the district court, however, a number of states now recognize the right of an owner of a destroyed commercial vehicle to recover damages for loss of use during the period required for replacement. Reynolds v. Bank of America National Trust & Savings Assn.,

53 Cal.2d 49, 345 P.2d 926 (1959); Buchanan v. Leonard, 127 F.Supp. 120 (D.C. Col.1954) (announcing Colorado law); Wajay Bakery, Inc. v. Carolina Freight Carriers Corp., 177 So.2d 544 (Fla.App. 1965); New York Central Rr. Co. v. Churchill, 140 Ind.App. 426, 218 N.E.2d 372 (1966); Peterson v. Bachar, 193 Kan. 161, 392 P.2d 853 (1964); Louisville & N. R. Co. v. Blanton, 304 Ky. 127, 200 S.W.2d 133 (1947); Chesapeake & Ohio Rr. Co. v. Boren, 202 Ky. 348, 259 S.W. 711 (1924); Louisville & I. R. Co. v. Schuester, 183 Ky. 504, 209 S.W. 542 (1919); Weishaar v. Canestrale, 241 Md. 676, 217 A.2d 525 (1966); Roberts v. Pilot Freight Carriers, Inc., 273 N.C. 600, 160 S.E.2d 712 (1968).

■■ The latter approach represents more modern thinking, and it is the position which we believe a Pennsylvania appellate court would adopt if faced with this issue. Damages are supposed to compensate the injured person for the wrong which has been done to him. Guido v. Hudson Transit Lines, Inc., 178 F.2d 740 (3d Cir. 1950); Restatement of Torts, § 910. Consequently, this Court fails to see any logical or practical reason for a distinction between repairable and unrepairable damage to a commercial vehicle which would justify loss of use for the former and not the latter even though the owner suffers loss because he cannot immediately replace the vehicle. In both instances the owner has lost the same thing, the use of his vehicle, and he should be able to recover this loss of use in either case.

Additional support for this position is found in § 927 of the Restatement of Torts.[3] Ford argues that this provision

2. There are three Pennsylvania lower court cases which have indicated that the owner of a destroyed vehicle is not entitled to recovery for loss of use. Cowher v. Dornhaffer, 47 Pa.Dist. & Co. R.2d 190 (1969); Flint v. Fosnaught, 5 Pa.Dist. & Co.R.2d 423 (1955); Dixon v. Priester, 85 Pa.Dist. & Co.R. 109 (1952). However, a Pennsylvania appellate court would not be bound by these decisions.

3. § 927 provides that:
  Where a person is entitled to a judgment for the conversion of a chattel or the destruction of any legally protected interest in land or other thing, the damages include
  (a) the exchange value of the subject matter or the plaintiff's interest therein at the time and place of the conversion or destruction, or a different value where that is necessary to give just compensation, and

does not cover loss of use where a vehicle is destroyed, and urges instead that § 928 [4] implicitly restricts damages to the value of the vehicle. We disagree. Although there exists some confusion about the relationship of §§ 927 and 928, we are guided by comment (*l*) on clause (b) of § 927, which states:

> "On the other hand, as an alternative to interest during the period of detention, the damages can properly include an amount for expenses in procuring a necessary substitute or for the value of the use of a substitute until a replacement of the subject matter can be made, as stated in § 931, Comment c."

Based on our reading of §§ 927 and 928 and comment (*l*) to § 927(b), we think that a Pennsylvania court would find that § 927(b) applies to this case and permits recovery for loss of use of a commercial vehicle which is destroyed and must be replaced. We also call attention to our decision in Guido v. Hudson Transit Lines, Inc., *supra*, where we applied § 927 as a matter of New Jersey law in a similar type of situation. Other cases which support this interpretation of § 927 are Reynolds v. Bank of America National Trust & Savings Assn., *supra*; Buchanan v. Leonard, *supra*; New York Central Rr. Co. v. Churchill, *supra*; Weishaar v. Canestrale, *supra*.

Finally, a Pennsylvania appellate court has allowed the recovery of damages for loss of use in a situation somewhat analogous to this one arising under the Uniform Commercial Code. Babcock Poultry Farm, Inc. v. Shook, 204 Pa. Super. 141, 203 A.2d 399 (1964). This was a breach of warranty case involving the sale of baby chicks which were to be used by the plaintiff in a commercial venture for the production of eggs. The seller had warranted that the chicks sold would produce in a certain manner or rate which they failed to do. As a result, the plaintiff had to purchase extra eggs in order to supply his larger customers and thereby retain them as future customers. The seller argued that the plaintiff's damages should be limited to the difference between the value of the baby chicks accepted and the value they would have had if they had been as warranted. The court overruled this contention, however, and awarded the plaintiff damages for the difference between the value of the chicks as warranted and as actually received and also for the loss of production (or loss of use) of the chicks if they had been as warranted.

While *Shook* does not deal with damages for loss of use of a vehicle which has been destroyed, we believe that it represents the approach which a Pennsylvania appellate court would follow in such a case.

For the reasons stated, the judgment of the district court will be affirmed.

---

(b) the amount of any further loss suffered as the result of the deprivation, and
(c) interest from the time at which the value is fixed or compensation for the loss of use.

4. § 928 provides that:
Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
(b) the loss of use.