## Shughart v. Smith

*Fred H. Hait,* for plaintiff.
*Christopher C. Houston,* for defendant.

SHUGHART, *S.J.,* December 23, 1983 — As a result of a collision between vehicles owned by plaintiff and defendant, plaintiff's vehicle was damaged beyond repair. Plaintiff claimed damages to cover the value of the vehicle at the time of its destruction

and also for the loss of use of a vehicle for a period of three months until a replacement could be procured. Defendant has filed preliminary objections alleging that a claim for loss of use is an improper item of damages in a case where there has been a total destruction of the property. Briefs have been filed and oral argument made and the case is now ready for a decision.

There are a number of lower court decisions in Pennsylvania which hold that where there is a total destruction, the owner is not entitled to recover compensation for loss of use. Cowher v. Dornhaffer, 47 D.&C.2d 190 (1969); Flint v. Fosnaught, 5 D.&.C.2d 423 (1955); and Dixon v. Priester, 85 D.&.C. 109 (1952). There are no Pennsylvania Appellate Court decisions on this issue, but in the case of Dennis v. Ford Motor Company, 471 F.2d 733 (1973), the Third Circuit Court of Pennsylvania stated that a number of states now recognize the right of the owner of a destroyed vehicle to recover damages for loss of use, and went on to state:

"the latter approach represents more modern thinking, and it is the position which we believe a Pennsylvania appellate court would adopt if faced with this issue. Damages are suppose to compensate the insured person for the wrong that is done to him. . . . Consequently, this Court fails to see any logical or practical reason for a distinction between repairable and unrepairable damage to a commercial vehicle which would justify loss of use for the former and not the latter even though the owner suffers loss because he cannot immediately replace the vehicle. In both instances the owner has lost the same thing, the use of his vehicle, and he should be able to recover this loss of use in either case."

We are completely in accord with this view. The recovery for loss of use must, of course, be reason-

able and be related to the circumstance. The delay in having an article repaired is subject to exactly the same abuse as the delay in procuring a replacement. In either case, the plaintiff could unreasonably extend the period of the loss of use but in neither case should there be any recovery except for the reasonable length of time that a replacement was needed.

Plaintiff has indicated a three month loss of use which we believe sufficiently pleads his claim. At the trial he will be expected to prove the amount of loss of use by the fair preponderance of the evidence. The preliminary objection is not well taken.

## ORDER OF COURT

And now, December 23, 1983, for the reasons set forth in the attached opinion, the defendant's preliminary objection to the complaint in the above case be and is hereby overruled and dismissed.